OPINION
{¶ 1} Defendant-appellant, Phillip A. Wilson, appeals his conviction from the Franklin County Municipal Court for failure to yield the right-of-way to another vehicle. For the following reasons, we affirm.
 {¶ 2} In March 2004, Officer Heath Montag of the City of Upper Arlington, Division of Police, issued a citation to defendant for failure to yield to oncoming traffic on a left turn, a violation of Upper Arlington Codified Ordinance ("U.A.C.O.") 351.22. A trial was held in the Upper Arlington Mayor's Court, wherein defendant was found guilty of the cited offense. Defendant then appealed to the Franklin County Municipal Court where, after a trial de novo, defendant was also found guilty of the cited offense. The municipal court ordered defendant to pay $80, plus court costs.
 {¶ 3} Appellant, acting pro se, appeals from the judgment of the Franklin County Municipal Court and assigns eight errors for our consideration:
1: Judge Barrows erred when he stated in his opening remarks, (Transcript of Proceedings, p. 3) that the prosecution had the obligation to prove the case beyond a reasonable doubt, and then contradicted himself by finding the appellant guilty, Even though, about ¾ of the statements of fact raised questionable doubt, Judge Barrow still ruled that there was absolutely no doubt that the defendant (now the appellant) was guilty of failure to yield. (UPA 351.22) (Transcript of Proceedings, p. 35)
2: Judge Barrows erred when he ignored the UPC [sic] 351.22 statute, and created his own law: (We will call this Barrows' law) (Transcript of Proceedings, p. 34-35,) If you are stopped at a light, waiting to turn left, and if there is a car in the opposite direction also stopped at the light, waiting to go straight, it is your obligation to yield to that car until that car passes through the intersection, unless the driver of the other car puts on its emergency flashers or in some way indicates that there is a mechanical problem with that car. He then found the appellant guilty of violating Barrow's law, and implied that the appellant was therefore guilty of breaking UPA 351.22.
3: Judge Barrows (Transcript of Proceedings, p. 32-33) erred in his judicial procedure by allowing The City of Upper Arlington 2 closing statements, and disallowing a second closing argument, or a rebuttal by the appellant.
4: Judge Barrows erred when he did not see the obviously logic 
illogic in Officer Montag's answer in his cross examination, (Transcript of Proceedings, p. 14) "The rate qt which your vehicle moved forward . . . (caused me to) . . . anticipate(d) that you might try to turn in front of me . . ." which made it clearly obvious that Officer Montag's car did NOT enter the intersection until the appellant's car started his left turn, thus voiding any idea of any approaching vehicle, required in UPA [sic] 351.22 for there to be a guilty verdict.
5: Judge Barrows further erred when he grossly exaggerated Officer Montag's statements about the severity of his braking [sic] thus creating a very strong Image of impending doom (i.e. causing a hazard) within his own mind, when the evidence, if listened to closely, indicated nothing of that nature. (Transcript of Proceedings, p. 35)
6: Judge Barrows further erred by taking very lightly or not hearing factual evidence indicating the lack of stress or hazard, indicating there was no immediate hazard. (Transcript of Proceedings, p. 14)
7: Judge Barrows erred by not allowing Mr. Wilson to correct the inaccurate rendering by officer Montag of the scene of the alleged infraction, thereby causing Judge Barrow [sic] to look at incorrect imagery, implying the alleged infraction was far more dangerous (and thus causing an immediate hazard) than it was. (Transcript of Proceedings, p. 27), and erred further by saying that he understood what the appellant was saying.
8: Judge Barrows erred by giving greater credibility to the prosecution, and very little, if any respect for the credibility and credence of statements by the appellant. As a result of Judge Barrows' blinders, he did NOT pick up on the anomalies and contradictions in the testimony of the appellee, and was greatly influenced by the gross twisting of the facts by the prosecution during her 2 closing arguments. These observed anomalies should have contributed to the presence of reasonable doubt.
 {¶ 4} Because they raise common issues of law and fact, we will consider the first, second, fourth, fifth, sixth and eighth assignments of error together. In these assignments of error, defendant essentially argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.
 {¶ 5} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." Statev. Thompkins (1997), 78 Ohio St.3d 380, 386, reconsideration denied,79 Ohio St.3d 1451. Whereas the manifest weight of the evidence standard raises the issue of whether the state has met its burden of persuasion, the sufficiency of the evidence test requires a determination of whether the state met its burden of production at trial. Id. at 390 (Cook, J., concurring).
 {¶ 6} Under the sufficiency of evidence standard, an appellate court must determine whether the evidence admitted at trial, if believed, "would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in State v. Smith (1997), 80 Ohio St.3d 89. "`The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" Id. at 113, following Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781.
 {¶ 7} However, under the manifest weight standard, the appellate court weighs the evidence to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." Thompkins, at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Conversely, an appellate court will not reverse a conviction if the state presented substantial evidence upon which the fact finder could reasonably conclude that all essential elements of the offense had been established beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169, syllabus, superseded by state constitutional amendment on other grounds in Smith,
supra. Reversing a decision as against the manifest weight of the evidence "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin, at 175.
 {¶ 8} When considering whether a judgment is against the manifest weight of the evidence, the court must sit as the "thirteenth juror" and analyze the entire record to determine the relative weight of credible evidence. Thompkins, at 387. Nevertheless, witness credibility is generally an issue for the fact finder to resolve. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 9} U.A.C.O. 351.22 provides, in pertinent part, as follows:
(A) The operator of a vehicle intending to turn to the left within an intersection or onto an alley, private road or driveway, shall yield the right-of-way to any vehicle approaching from the opposite direction whenever the approaching vehicle is within the intersection or so close to the intersection, alley, private road, or driveway as to constitute an immediate hazard.
 {¶ 10} In the present case, Officer Montag was in his police cruiser waiting at an intersection to continue northbound. At the same intersection, defendant was in his vehicle in the southbound lane waiting to make a left-hand turn. The traffic light turned a solid green for both drivers. (Tr. 11.) The officer testified that as he began to drive through the intersection, defendant made a left-hand turn in front of his cruiser. (Tr. 10.) The officer testified that he had to apply his brakes in order to avoid crashing into defendant's vehicle. (Tr. 11, 17.) Thus, defendant did not yield the right-of-way to the officer's cruiser as it approached the intersection. Officer Montag's testimony, if believed by the trier of fact, sufficiently supports defendant's conviction pursuant to U.A.C.O. 351.22.
 {¶ 11} Moreover, defendant's conviction is not against the manifest weight of the evidence. Defendant essentially argues that the officer's cruiser did not approach the intersection when the light turned green, and that making a left-hand turn did not create an immediate hazard because the officer's cruiser stayed motionless after the light turned green. However, as the trier of fact, it was within the province of the court to weigh the evidence and determine the credibility of the witness. DeHass, at paragraph one of the syllabus. Here the trial court apparently found Officer Montag's testimony persuasive. "This court has no reason to disturb these credibility assessments on appeal, as the credibility of each witness was a critical issue for the trier of fact to determine." State v. Lee, Trumbull App. No. 2002-T-0168, 2004-Ohio-6954, at ¶ 49; see, also DeHass, paragraph one of the syllabus. Thus, defendant's first, second, fourth, fifth, sixth and eighth assignments of error are overruled.
 {¶ 12} In his third assignment of error, defendant asserts the trial court erred by allowing the prosecution to make a rebuttal closing argument while not permitting defendant to make a second closing argument.
 {¶ 13} A trial court's decision to vary the order of proceedings as established in R.C. 2945.10 is within the sound discretion of the trial court. State v. Jenkins (1984), 15 Ohio St.3d 164, paragraph eleven of the syllabus, certiorari denied (1985), 472 U.S. 1032, 105 S.Ct. 3514, rehearing denied, 473 U.S. 927, 106 S.Ct. 19. Abuse of discretion connotes more than an error of law or judgment; it suggests an unreasonable, arbitrary or unconscionable attitude. State v. Maurer (1984),15 Ohio St.3d 239, 253, certiorari denied, 472 U.S. 1012, 105 S.Ct. 2714, rehearing denied (1985), 473 U.S. 924, 106 S.Ct. 15.
 {¶ 14} A review of the record demonstrates that the trial court proceedings complied with R.C. 2945.10(F). Furthermore, we find no abuse of discretion manifested by the trial court's decision to deny defendant an opportunity to present a rebuttal argument. Defendant has not demonstrated any unfairness or prejudice due to the court's compliance with R.C. 2945.10. Consequently, defendant's third assignment of error is overruled.
 {¶ 15} In his seventh assignment of error, defendant argues that the trial court erred when it did not permit defendant to correct a diagram of the intersection where the traffic infraction took place, resulting in an inaccurate depiction of the scene. We do not find this argument to be well-taken. At trial, defendant sought permission to modify the diagram if the court needed clarification. The trial judge responded that he understood the diagram and that he was familiar with the intersection. (Tr. 27.) Furthermore, to the extent that this assignment of error can be construed as making an argument that defendant's conviction is against the manifest weight of the evidence, we find this argument unpersuasive. There is "substantial evidence" to support the trial court's finding that defendant turned left while Officer Montag's cruiser entered the intersection. Eley, at syllabus. Therefore, appellant's seventh assignment of error is overruled.
 {¶ 16} Based on the foregoing reasons, defendant's eight assignments of errors are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Sadler and Deshler, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.